**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 CR 590 |
| ) | |
| CHARLES TODD STOKES, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

The case against Defendant Charles Todd Stokes, who is charged with violating 18 U.S.C. § 2423(b), is scheduled to proceed to trial on June 1, 2010. Stokes has filed several pretrial motions. In recent rulings, the court has addressed the admissibility of seized evidence and of Stokes's statements to police. Still pending are Stokes's motions (i) to dismiss the case against him because, he contends, the charging statute is unconstitutionally vague; (ii) to bar the government's use of certain electronic evidence; and (iii) for reconsideration of the court's previous ruling that the rule of specialty does not bar his prosecution. For the reasons set forth here, those motions are denied.

**I.      Motion to Dismiss For Vagueness**

Section 2423(b) prohibits travel in interstate or foreign commerce "for the purpose of engaging in any illicit sexual conduct with another person." 18 U.S.C. § 2423(b). The statute defines "illicit sexual conduct" as "(1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age." 18 U.S.C. § 2423(f). Chapter 109A lists a number of sexual acts that constitute a crime in the United States, including sexual abuse of a minor. That crime involves the knowing engagement in a sexual act with a person who is under 12 years of age or "(1) has attained the age of 12 years but has not attained the age of 16 years; and

(2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243. Stokes argues that the different ages referenced in Section 2423(b) (18 years of age) and Section 2243 (16 years of age) render the statute "self-contradictory," "confusing," and unconstitutionally vague. The court is unpersuaded.

Section 2423(b) was originally enacted in 1948, and in the many years since its enactment, the Seventh Circuit has upheld numerous convictions under the statute.[1] The Court of Appeals has always interpreted the statute to apply to interstate and foreign travel for "the purpose of engaging in a sexual act with a person under 18 years of age" and has never suggested that the cross reference to Chapter 109A creates a confusion about what may be prosecuted under Section 2423(b) or renders that provision unconstitutionally vague. *See United States v. Vang*, 128 F.3d 1065, 1066 (7th Cir. 1997) *cited in United States v. Kimberly*, No. 05 17 WOB, 2005 WL 1244977, *2 (E.D.Ky. May 25, 2005) ("[In *Vang*,] the court assumed the age for this statute was 18 without discussion . . . Here, the [district] court concludes, after careful consideration, that it was the intent of Congress in enacting § 2423 to raise the protected age of the victim to 18, where the defendant travels in interstate commerce with the intent to engage in any of the sex acts enumerated [in Chapter 109A].") As the Seventh Circuit recently noted, "courts considering similar [vagueness] challenges to this statute have rejected them." *See United States v. Cote*, 504 F.3d 682, 686, FN 5 (7th Cir. 2007) (citing *United States v. Tykarsky*, 446 F.3d 458, 471 (3d Cir.2006)).

The rule of lenity, which Stokes invokes here, applies only where "there is *grievous* ambiguity or uncertainty in the language and structure of the Act." *Chapman v. United States*, 500 U.S. 453, 463 (1991)(quoting *Huddleston v. United States,* 415 U.S. 814, 831 (1974)) (emphasis added). "[E]very reasonable construction must be resorted to, in order to save a statute from

---

[1] Section 2423(b) was amended most recently in 2006. Because Stokes is charged with having violated the statute in 2001, the version in effect at that time governs in this case.

unconstitutionality." *Chapman*, 500 U.S. at 464 (quotation omitted). The court here sees no ambiguity in Section 2423(b) at all. Put simply, the statute criminalizes interstate or foreign travel for the purpose of having sexual relations with a child, defined as any person under the age of 18. Contrary to Stokes's assertions, a person of common intelligence can read Section 2423(b) and easily grasp its meaning. The cross-reference to Chapter 109A does not deprive a potential offender of fair notice as to what acts are forbidden under the statute. Moreover, as the court understands the charges in this case, the alleged victims are Thai children who were quite young at the time of the offense, well below even 16 years of age. If that is the case, Stokes lacks standing to assert this challenge. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 755-56 (1974). Section 2423(b) is not "contradictory" or "confusing," but even assuming that it were, Stokes has not shown himself to be injured by any ambiguity in the statute. His motion to dismiss for vagueness [145] is denied.

## II. The Use of Electronic Evidence

During a search of Stokes's residence, law enforcement officers recovered a number of digital photographs contained on recordable compact discs, in a digital camera, and in Stokes's personal computer. The government intends to introduce some of these photographs and to call Special Agent Rodney Hart of the U.S. Immigrations and Customs Enforcement Agency to testify regarding a forensic analysis he made of these images. Specifically, Hart is expected to describe the quantity and content of the recovered images and to identify the times and dates on which the images were likely created. The digital images carry a timestamp, and it is anticipated that Hart will identify the time/date reflected in the timestamp associated with each image. Stokes asserts that the timestamps are unreliable because they are based solely on the internal clock of the computer or camera, which may not actually reflect the correct time or date. Accordingly, Stokes urges, "this 'expert' will be forced to admit [on cross examination] that the date stamps are entirely unreliable

and so are meaningless. If they mean nothing, and no reliable conclusion can be drawn from the data, then the opinion should not be presented to the jury in the first place." (Def. Rep. at 2.) Stokes seeks a *Daubert* hearing with an eye toward excluding Hart's "opinion" as to when the images were created.

Whether the images do, in fact, bear timestamps and what those timestamps indicate, however, are not matters of opinion that require a *Daubert* hearing. Rather, Hart's anticipated testimony appears to relate exclusively to specific first-hand factual observations that he made as a result of his forensic investigation (i.e. Picture X bears a timestamp that indicates that it was created at Time Y.) If Stokes wishes to challenge the possible inference the jury might draw from those factual observations (i.e. that Picture X was, in fact, taken at Time Y), he may do so by way of cross examination. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)). Stokes's objection to Hart's testimony or the electronic data goes to weight, not to admissibility. His motion *in limine* [153] is denied.

### III.     The Rule of Specialty

Stokes was initially extradited from Thailand based on a charge of engaging in illicit sexual conduct in foreign places in violation of 18 U.S.C §2423(c). As noted, he now faces a charge of violation of § 2423(b), and the 2423(c) charge has been withdrawn. In October 2008, Stokes filed a motion to dismiss based on the Rule of Specialty, which requires that any person extradited under the treaty between the United States and Thailand not be "detained, tried, or punished . . . for an offense other than that for which extradition has been granted." (Treaty, D.E. 61, Ex. A.) In response to Stokes's motion, the government produced a waiver issued by Thailand's Ministry of Foreign Affairs pursuant to Article 14(1)(c) of the extradition treaty, which permits either state to voluntarily waive the treaty's Rule of Specialty provision. (Response, D.E. 82.) The court accepted

4

the waiver and denied Stokes's motion. (Minute Order, D.E. 100).

Stokes now asks that the court reconsider its earlier ruling and requests discovery on all documents and communications associated with the Thai Ministry's waiver. "Without knowing what information was given in support of the request," Stokes urges, "this court cannot rule on whether the waiver was fully informed and voluntary. It is possible that the waiver itself was obtained in violation of the Treaty." (Def. Mot. ¶ 6.) Stokes, however, has no right to compel discovery on an issue of U.S. or Thai performance under the treaty, and this court is not inclined to explore the diplomatic relationship between the two nations. "[E]xtradition treaties do not create personal rights enforceable by criminal defendants. Instead they create rules for the relations between nations." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2008) (internal citation omitted). The extradition treaty in this case permits either the United States or Thailand to waive the Rule of Specialty in any given situation. The Thai government has elected to do so in this case, and it has expressed no dissatisfaction with the U.S. government's compliance with the treaty. "It is well established that individuals have no standing to challenge violations of international treaties in the absence of a protest by the sovereigns involved." *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990). Under the circumstances, the Thai government's waiver is a matter of "diplomacy rather than litigation . . . . The question for the Judicial Branch of this nation is simply whether [the defendant] committed the crime of which he has been accused." *Burke,* 425 F.3d at 408. Because the extradition treaty bestows no rights upon Stokes that he may seek to enforce in this court, his motion to reconsider [152] is denied.

## CONCLUSION

Defendant's motions [145, 153, 152] are denied.

ENTER:

Dated: May 10, 2010

_____

REBECCA R. PALLMEYER
United States District Judge