**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 590 |
| | ) | |
| CHARLES TODD STOKES, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Charles Todd Stokes was convicted by a jury of traveling to Thailand for the purpose of engaging in sexual contact with a minor, in violation of 18 U.S.C. § 2423(b). Stokes moves to arrest judgment, for a judgment of acquittal, or for a new trial. For the reasons explained here, his motions are denied.

**Motion to Arrest Judgment**

Rule 34 directs the court to arrest the judgment if the underlying indictment does not charge an offense or if the court "does not have jurisdiction of the charged offense." FED. R. CRIM. P. 34(a). Defendant Stokes argues such relief is appropriate here for three reasons: He alleges that the indictment was unconstitutionally vague; that the statute under which he was indicted exceeds Congress's power under the Commerce Clause; and that he was tried in the United States for a crime other than the one for which his extradition was sought.

Stokes raised the first two of these arguments in pretrial motions to dismiss, and the court considered them and rejected them earlier. Thus, in denying Stokes's motion to dismiss the indictment as void for vagueness, the court concluded that the statute unambiguously prohibits "interstate or foreign travel for the purpose of having sexual relations with a child," and that Stokes himself could not have been injured by any vagueness in the statute because the conduct with which he was charged was clearly proscribed by it. (Doc. No. 172 at 2-3.) The court addressed

Stokes's Commerce Clause argument earlier, as well, citing cases from four Courts of Appeals which have overruled that objection. (Doc. No. 100.) Stokes's objections on these grounds are preserved, but the court declines to revisit its earlier conclusions.

Stokes's final argument for arrest of judgment–that the government violated what is referred to as the "rule of specialty" by charging him with a crime that was not the basis for extradition–fares no better. The Seventh Circuit has concluded that the rule of specialty (which was waived in Stokes's case by the government of Thailand, not that of the United States) is not one that can be enforced by a criminal defendant. *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005).

The motion for arrest of judgment (Doc. No. 222) is denied.

**Motion for New Trial**

Rule 33 permits the court to order a new trial on the basis of trial errors. The court has discretion to order a new trial in the interest of justice, but is not free to re-weigh the evidence in ruling on such a motion. *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989).

The court has already addressed a central argument in support of Stokes's motion: that evidence recovered from his residence in a search on October 9, 2003 should have been suppressed. The court heard evidence on a pretrial suppression motion and issued a 20-page opinion denying it. (Doc. No. 112.) Stokes's subsequent motion for reconsideration was also unsuccessful. (Doc. No. 198.) Stokes moved to suppress certain of his statements, as well; the court granted that motion in part, ruling that Stokes's statements made at the police station in Thailand were inadmissible, but that the government was entitled to introduce statements that Stokes made during the search and those he made following his receipt of appropriate warnings. (Doc. No. 199.) Stokes's objections to admission of certain photographs and certain documents were also the subject of written rulings. (See Doc. Nos. 180, 198.) The court adopts the rulings it made earlier and declines to grant a new trial on this basis.

Stokes objects, further, to the court's ruling at trial admitting evidence of complaints about

his conduct that occurred prior to the travel that is the subject of this case. The court concluded that such evidence was admissible to impeach the testimony Stokes gave on the stand in his defense, concerning the reasons that he lost a job and was charged in previous incidents. The court warned Stokes at side bar that his direct examination opened the door to such evidence. Its admission was appropriate for impeachment purposes and does not support his request for a new trial.

Nor is the court moved by Stokes's objection to the testimony of Special Agent Rodney Hart. Hart explained his analysis of electronic media recovered from defendant's residence and described the number of images he observed, their content, and the dates on which they were stored. To the extent that testimony can be characterized as "expert testimony" at all, the government's disclosure obligation was satisfied in a pretrial submission (Doc. No. 155), and as the court explained in a pretrial ruling, no further *Daubert* proceeding was necessary. (*See* Doc. No. 172.)

Stokes challenges the court's refusal to admit certain "good character" evidence, but the court stands by that ruling, as well. Although the court did admit evidence concerning Stokes's marriage and recent communications with his wife, evidence of Stokes's activities well after the execution of the search warrant was largely irrelevant. Evidence that an individual acted in conformity with his "good character" is routinely excluded. FED. R. EVID. 404(a). *See United States v. Hill*, 40 F.3d 164 (7th Cir. 1994) (affirming decision to exclude evidence that defendant postal worker did not steal a "test letter" in the mail one month after being confronted about earlier unlawful conduct). The fact that Stokes engaged in law-abiding activity on dates after the execution of the search warrant does not rebut the government's evidence that he engaged in sex with minors at that time as well. Nor did the government imply, as Stokes now suggests, that the "only thing he did in Thailand was engage in illicit sexual activity." (Defendant's Motion for New Trial, Doc. No. 220, at 3-4.)

Both in cross-examination of the government's witnesses and in his own defense case, Stokes offered substantial evidence to suggest that sex with young boys is commonplace and acceptable in Thailand. As the court understood his purpose, Stokes wanted the jury to conclude that he had no intention of engaging in *unlawful* sexual activity. For purposes of a finding of guilt under § 2423(b), however, the government was required to prove that Stokes traveled to Thailand for the purpose of engaging in activity that would violate United States law. Accordingly, in response to the evidence of activity in Thailand presented by Stokes, the government asked for an instruction to the jury that sexual contact with minor is a crime in Thailand, and that "a person who is a minor under Thai law is a minor under United States law as well." The court gave such an instruction, but worded it carefully so as not to convey the notion to which Stokes now objects–that the legal definition of "minor" in Thailand is the same as the definition of "minor" in the United States. *See* Jury Instructions, Doc. No. 219, page 23. Stokes's objection to this instruction does not warrant a new trial.

Finally, Stokes argues that his attorney did not have sufficient time to prepare a full and effective defense. After the relationship between Stokes and his previous counsel soured, Attorney Pablo de Castro was appointed to represent him. Mr. de Castro filed his appearance on March 5, 2010. The court entered an order striking the April 15 trial date and extended the time for filing of additional defense motions. (Doc. No. 140, 141.) Stokes notes that his attorney was "engaged every day from the day of his appointment to the day of trial with pretrial motions," had no time for further investigation, and was unable to locate and interview potential witnesses. (Doc. No. 220 at 4.)

Counsel is presumed to have been effective, and Stokes bears a very heavy burden to challenge his attorney's effectiveness. He has not done so on this motion. The court has no doubt that representing Stokes on these charges posed a substantial challenge. From the court's own observations, however, Mr. de Castro performed skillfully and effectively. Notably, even now

Stokes does not identify any specific witness who should have been called or any specific motion or argument he was unable to make. The three cases Stokes cites all involve post-conviction proceedings where defense counsel's failure to call available alibi witnesses was the basis for the ineffective assistance claim. *See Bruce v. United States,* 256 F.3d 592, 598 (7th Cir. 2001); *Washington v. Smith*, 219 F.3d 620, 629-31 (7th Cir. 2000); *Montgomery v. Petersen*, 846 F. 2d 407, 413-14 (7th Cir. 1988).[1] There is no missing alibi witness here.

The motion for a new trial is denied.

**Motion for Judgment of Acquittal**

Finally, Stokes argues that the evidence was insufficient to sustain the conviction and asks the court for a judgment of acquittal pursuant to FED. R. CRIM. P. 29. He argues that although the government presented evidence of activity that occurred in Thailand after his arrival there, there was insufficient evidence to support the conclusion that he intended such activity at the time of his travel. The Seventh Circuit, and other Courts of Appeals, have observed that, to prove a violation of 18 U.S.C. § 2423(b), the government must prove that the defendant traveled with the purpose of engaging in illicit sexual activity. In a decision rendered after the jury reached its verdict in this case, the Seventh Circuit suggested that the jury should be asked to consider whether "had a sex motive not been present, the trip would not have taken place or would have differed substantially." *United States v. McGuire*, 627 F.3d 622, 625 (7th Cir. 2010) (citing numerous cases for varying formulations of the government's burden). In that case, Donald McGuire, a former priest, traveled with young boys across state lines to religious retreats, where he molested the boys. The court affirmed his conviction under 18 U.S.C. § 2423(b), despite the fact that a purpose of McGuire's travel was to conduct retreats.

---

[1] After this order had been drafted, on July 2, 2011, Stokes filed a supplemental motion for new trial (Doc. No. 260), arguing that he and predecessor counsel had not appropriately reviewed photographs in preparation for trial. As the government has not had an opportunity to respond to this supplemental motion, the court declines to address it.

The parties to this case did not have the benefit of *McGuire*, and Defendant Stokes did not travel in the company of his minor victims, as Defendant McGuire did. This court nevertheless believes the guilty verdict in this case is supported by the evidence adduced in the government's case in chief, including evidence that Stokes engaged in illicit sexual conduct with young boys immediately before and again immediately after his travel from Thailand to Chicago in December 2001 and then immediately back to Thailand. At the time of the search, Stokes acknowledged engaging in sex with boys, admitted making photos of the boys, and acknowledged that some of them were too young to ejaculate. Two victims testified consistently regarding Stokes's practice of inviting them to his home to play video games, giving them a place to sleep and to shower, engaging in oral sex with them, and taking sexually explicit photographs. That the photos could be dated to times in January 2002 provided circumstantial evidence from which the jury could infer that Stokes chose to relocate to Thailand, and to return there promptly after a trip to Chicago, in order to pursue and continue his sexual abuse of minors. The jury in this case was instructed that

> In order to sustain its burden of proof on a charge of travel for the purpose of engaging in illicit sexual conduct, the government must prove beyond a reasonable doubt that the defendant formed the intent to engage in illicit sexual conduct before the defendant traveled across state or international borders.
>
> However, it is not necessary for the government to prove that illicit sexual conduct was the sole or principal purpose for any transportation . . . . A person may have several different purposes or motives for such travel and each may prompt, in varying degrees, the act of making the journey.
>
> The government must prove beyond a reasonable doubt, however, that a significant, and not merely incidental, purpose of the travel . . . , was to engage in illicit sexual conduct.

Jury Instructions, Doc. No. 219, at page 15. The court takes judicial notice that the *McGuire* jury received a nearly identical instruction. *See* docket in *United States v. McGuire*, No. 07 CR 716, Doc. No. 148, page 18. In fact, the instruction in this case includes the caution that the illicit purpose for the travel must be "not merely incidental," language that does not appear in the corresponding instruction in *McGuire*.

6

The motion for a judgment of acquittal is denied.

## CONCLUSION

Stokes's motions for a arrest of judgment, for a new trial, and for a judgment of acquittal (220, 221, 222) are denied.

ENTER:

Dated: July 7, 2011

_____
REBECCA R. PALLMEYER
United States District Judge